UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| FRANCISCO LUEVANO § § § | |
| v § | CIVIL ACTION NO: 7:17-cv-00276 |
| § | |
| ETC MEXICANA SA de CV, et al § | |

**MOTION TO REMAND**

TO THE HONORABLE JUDGE:

Plaintiff, Francisco Luevano ("Luevano"), moves the Court to remand this case back to state court, and in support of this motion respectfully shows:

FACTS

This suit arises from a minor rear end auto accident between Plaintiff and Defendant, resulting in soft tissue injuries to Plaintiff and total past medical expenses in an amount less than $15K. In his Original Petition filed in state court, Plaintiff alleged the minimum amount in controversy as required under the Texas Rules of Civil Procedure.

JURISDICTION

According to 28 U.S. Code § 1332(a)(1), the Amount in Controversy must exceed the sum or value of $75K, exclusive of interests and costs, for the district court to have original jurisdiction of a case. This is a threshold requirement of any diversity jurisdiction case, and in this case it's the Defendant's burden to show proper diversity jurisdiction. The burden to show proper diversity jurisdiction is always placed on the party seeking removal. *Allen v. R&H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A party seeking removal can establish the amount in controversy requirement in one of three

ways: (1) when the initial pleading seeks recovery of an explicitly stated amount of damages more than $75K; (2) by showing, under a preponderance of the evidence standard, that it is facially apparent from the pleading that the claims are likely to exceed $75K; or (3) by presenting summary judgment-type evidence showing, by a preponderance of the evidence, that the amount in controversy is likely to exceed $75K. *Gebbia v. Walmart Stores, Inc.*, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

ARGUMENT

According to Rule 47 of the Texas Rules of Civil Procedure, plaintiffs must allege damages, at a minimum, that they seek monetary relief of "$100K or less". TX.R.CIV.PROC. RULE 47. Here, in order to be in compliance with Rule 47, Plaintiff alleged the minimum amount in controversy as "$100K or less" in Plaintiff's petition. Plaintiff did not explicitly state an amount of damages more than $75K. Whether or not a plaintiff's compliance with Rule 47 is alone sufficient in sustaining a removal action has not been addressed by the 5th Circuit. However, federal district courts in Texas have addressed the issue in favor of plaintiffs seeking remand, except when exemplary damages were pled.

In *Nielson v. Communications Components, Inc.*, 2013 WL 6253647, at *1 (E.D. Tex. Dec. 3, 2013), the court decided that a claim in state court under Rule 47 for damages of $100K or less did not establish that a plaintiff's damages were more than $75K. According to Chief U.S. District Judge Ron Clark, because a claim for $100K or less was not an assertion of an explicitly stated amount of damages, the defendant had the burden to show that damages were likely to exceed $75K under either facially apparent or the summary judgment-type evidence standard. *Id.*

Similarly, in *Wilson v. JPMorgan Chase Bank Natl. Ass'n*, 2013 WL 5952576, at *3 (N.D. Tex. Nov. 7, 2013), the court found that a plaintiff's allegation that he was seeking monetary relief

of $100K or less "is not tantamount to a claim that the party is seeking 'at least $75K'...as required to establish diversity jurisdiction." Wilson, 2013 WL 5952576, at *3.

Distinguishably, in *Cantu v. Allstate Vehicle and Prop. Ins. Co.*, No. 7:16-CV-084, 2016 WL 1695284 (S.D. Tex. April 28, 2016), a Southern District court found that remand was not proper when a plaintiff alleged actual damages in an amount of $23,945.43 AND exemplary damages. The court held that exemplary damages are to be considered when determining the amount in controversy and that the $75K threshold would be easily met if plaintiff's claim for exemplary damages were successful.

Here, as in *Nielson* and *Wilson*, Plaintiff complied with Rule 47 and alleged the minimum amount of "$100K or less" in damages as required, and Plaintiff did not explicitly state an amount in controversy more than $75K. Unlike in *Cantu*, where plaintiff had alleged exemplary damages, Plaintiff here did not plead exemplary damages. Moreover, the accident in question is a minor rear end accident resulting in soft tissue injuries and past medical expenses less than $15K.

Therefore, Defendant has the burden of proof and must show by a preponderance of the evidence that the amount in controversy exceeds $75K, either by a facially apparent argument or with summary judgment type evidence.

## CONCLUSION

The Court does not have jurisdiction to adjudicate this case. Defendant lacks evidence to support threshold diversity jurisdiction requirement in 28 U.S.C § 1332(a)(1) because the amount in controversy does not exceed $75K.

PRAYER

Plaintiff prays that the Court grant his Motion and remand this action back to state court.

Plaintiff prays for all other relief, at law or in equity, that he is justly entitled.

Respectfully submitted,

/s/ Damon C. Garcia
Damon C. Garcia
SBN: 24072105 / FBN: 1402920
LAW OFFICE OF EZEQUIEL REYNA, JR., P.C.
702 W. Expressway 83; Suite 100
Weslaco, Texas 78596
Phone: (956)968-9556
Fax: (956) 447-0668
Email: dgarcia@zreynalaw.com
jparedes.zreynalaw@gmail.com

CERTIFICATE OF CONFERENCE

Local Rule 7.1 (D) does not require that the parties confer regarding a motion made under Rule 12 (b) (which includes motions complaining of "lack of jurisdiction over the subject matter"). Since no conference is required, the motion need not indicate whether it is opposed or unopposed.

<u>CERTIFICATE OF SERVICE</u>

<u>    </u>I certify that on the 20th day of September, 2017, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record, to wit:

| | |
|---|---|
| William L. Pope<br>ADAMS & GRAHAM, L.L.P.<br>134 E. Van Buren, Ste. 301<br>P.O. Drawer 1429<br>Harlingen, TX 78551-1429 | Via E-Service |

<u>/s/ Damon C. Garcia</u>
Damon C. Garcia